IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD ALBERS and
TAMMY M. NUNLEY,

       Plaintiffs,

v.                                                    Civ. No. 11-092 WPJ/KBM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]</u>

     1.     Plaintiffs Edward Albers and Tammy Nunley are seeking mandamus relief pursuant to 28 U.S.C. § 1361 from the Commissioner of Social Security.  Albers and Nunley have been scheduled by the Social Security Administration (SSA) for examinations with an entity named Med-Plus NM at their respective locations.  Counsel for the claimants attempted to determine which physician would be performing the examinations but was unsuccessful.  Counsel therefore cancelled the appointments and brought this action alleging that SSA is in violation of its own regulations.  Specifically, they argue that 20 C.F.R. 404.1519j provides that claimants may object to a designated medical source and that without the identity of the examining physician, they cannot make a reasoned objection.

---

[1] Within fourteen (14) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R), that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the R&R.  If no objections are filed, no appellate review will be allowed.

2.      In lieu of filing its answer, SSA filed a Motion to Dismiss.  It raises the following arguments: (1) mandamus is an "extraordinary remedy" and the facts of this case do not warrant such relief; (2) Plaintiffs have failed to exhaust their administrative remedies; and (3) Plaintiffs have failed to show that SSA owes a clear, nondiscretionary duty to the Plaintiffs. District Judge William Johnson referred this matter for ultimate disposition.  [Doc. 7]

3.      Pursuant to 16 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  To obtain mandamus relief, a plaintiff must show "'(1) that [he] has a clear right to the relief sought, (2) that the respondent has a plainly defined and peremptory duty to do the action in question, and (3) that no other adequate remedy is available.'" *Schoenrogge v. Roberts*, 2008 WL 2909638, *1 (10th Cir. 2008) (unpublished decision) (quoting *In re McCarthey*, 368 F.3d 1266, 1268 (10th Cir. 2004)) (brackets by the court).

4.      Mandamus is considered a "drastic" remedy, *see In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009), and is disfavored because its broad use would threaten the policy against piecemeal appeals.  *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976).  Thus, mandamus relief will only provide a remedy to a plaintiff who has "'exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Blair v. Apfel*, 229 F.3d 1294, 1296 (10th Cir. 2000) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

5.      Although mandamus is labeled as "drastic," that label merely means the remedy is disfavored for policy reasons not present in this case.  In *Blair*, *supra*, where mandamus was sought, the court made no mention of the remedy being drastic or extreme:  it only noted that plaintiff had other avenues of relief available and that the ALJ followed the application rules and regulations.  229 F.3d at 1296.  Accordingly, I find Defendant's first argument unpersuasive.

6.      Next, Defendant argues that Plaintiffs have not exhausted their administrative remedies.  In *Jones v. Astrue*, 526 F. Supp.2d 455 (S.D.N.Y. 2007), the claimant brought an action challenging the SSA Appeals Council's dismissal of her request for review of the ALJ's decision that she was not entitled to disability.  There was some question as to whether her appeal had been timely and as a result, she did not have final decision of the SSA Commissioner as required by 42 U.S.C. § 405(g). The court stated:

> Absent a final decision by the Commissioner, a court may still exercise jurisdiction under 28 U.S.C. § 1361 "to review otherwise unreviewable procedural issues not related to the merits of the claim for benefits."  *Dietsch v. Schweiker*, 700 F.2d 865, 898 (2d Cir. 1986).

*Jones*, 526 F. Supp.2d at 459.

7.      Plaintiffs herein are in a similar procedural muddle.  If they go forward with the examinations and, say, receive unfavorable determinations, it is too late for them to object to their respective physicians, and their only recourse is to go through the entire appeal process, which will not allow them to raise objections to the treating physician. The conundrum resolves itself by allowing this "otherwise unreviewable procedural issue not related to the merits" to go forward at this time.

3

8.      The final issue is whether the duties involved are discretionary or not: only if the duty is nondiscretionary may the Plaintiffs obtain relief.  *Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991) (action requested must be "a nondiscretionary, ministerial duty").  In sum, if the SSA has no discretion in providing the name of the treating physician to the claimants, the claimants may achieve mandamus relief.

9.      Applicants for Social Security must prove their impairment.  C.F.R. § 404.1512.  Impairment must be established by evidence "from acceptable medical sources . . . ."  § 404.1513.  "Acceptable medical sources" include licensed physicians.  § 404.1508.  Under certain circumstances, SSA will arrange -- and pay for -- a consultative examination.  § 404.1516.  "If we arrange for the examination or test, we will give you reasonable notice of the date, time, and place the examination or test will be given, and the name of the person or facility who will do it."  *Id*.

10.      Applicants have the right to object to the selected medical source:

> You or your representative may object to your being examined by a medical source we have designated to perform a consultative examination.  If there is a **good reason** for the objection, we will schedule the examination with another medical source.

§ 404.1519j (emphasis added).  Good reasons include a source that had previously represented an interest adverse to the claimant, including "whether the medical source had examined you in connection with a previous disability determination or decision that was unfavorable to you."  *Id*.

11.      Defendant argues that Med-Plus NM is the "medical source" and Plaintiffs have advanced no cogent objections to the use of that facility.  Plaintiffs counter that the "medical source" is the examining physician, not the facility.

4

12.     Having reviewed the parties' arguments and the regulations, I find that Plaintiffs have the better argument.  First, they cannot make reasoned objections to the examining physician if they don't know who it is.  One or more of these physicians may have given an unfavorable determination in the past.  Second, they have a right to find out if the physician in question is in good standing in the community.  Finally, I agree with Plaintiffs' reading of the regulations at issue: a phlebotomist need not be named, but a treating physician must be identified to the applicant.  This is clearly a nondiscretionary duty set forth in the regulations.  § 404.1508.

13.     Plaintiffs ask that the Court deny the Motion to Dismiss and require Defendant to submit his Answer within ten (10) days.  The Court will so recommend to the presiding judge and suggest that if the district court adopts the Magistrate Judge's Report and Recommendation,  Defendant be required to file an Answer within ten (10) days of such adoption.

<u>Recommended Disposition</u>

I recommend that Defendant's Motion to Dismiss Petition for Writ of Mandamus in Lieu of Response/Answer [Doc. 16] be denied.  I further recommend that Defendant has ten (10) days to file his response/answer upon adoption of this Report and Recommendation.

Karen B. Molzen
United States Chief Magistrate Judge

5