**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

EDWARD ALBERS, and
TAMMY NUNLEY,

      Plaintiffs,

    v.                                                    CIV 11-0092 WJ/KBM

SOCIAL SECURITY ADMINISTRATION,
_Michael J. Astrue, Commissioner of Social_
_Security Administration,_

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION FOR JUDGMENT ON PLEADINGS**
**and**
**ORDERING COMMISSIONER TO PROVIDE TIMELY NOTICE**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Judgment on the

Pleadings, filed August 25, 2011 (**Doc. 29**).  After holding a hearing on the matter, the Court

finds that Plaintiff's motion is well-taken and will be granted, based on the relevant law, the

pleadings, and ultimately, the decision by the parties to enter into an agreement.

**Background**

Plaintiffs in this case are applying for social security benefits, and have filed a Petition

for Writ of Mandamus to compel the Commissioner of Social Security ("Commissioner") to

disclose the names of the physicians who will be examining them at a consultative examinations

set up by Social Security Administration ("SSA").  Notices of these examinations were sent to

Plaintiffs by the New Mexico Disability Determination Services ("DDS"), and contained the

addresses of the Med-Plus clinics and the appointment time, but did not include the name of the

examining physicians.  The Petition alleges that counsel for Plaintiffs attempted to determine which physician would be performing the examinations but was unsuccessful.  Counsel cancelled the appointments and brought this action alleging that SSA is in violation of its own regulations.

Plaintiffs claim that the Commissioner's failure to do timely disclose the names of examining physicians is in violation of social security regulations, namely, 20 C.F.R. § 404.1519j which provides that claimants may object to a designated medical source and that without the identity of the examining physician, they cannot make a reasoned objection:

> You or your representative may object to your being examined by a medical source we have designated to perform a consultative examination. If there is a good reason for the objection, we will schedule the examination with another medical source. A good reason may be that the medical source we designated had previously represented an interest adverse to you. . . .

20 C.F.R. § 404.1519j.

SSA filed a Motion to Dismiss, arguing that (1) mandamus relief was inappropriate; (2) that Plaintiffs did not exhaust their administrative remedies; and (3) that SSA does not owe Plaintiffs a clear, nondiscretionary duty to Plaintiffs.

United States Chief Magistrate Judge Karen B. Molzen issued a Report and Recommendation denying Defendant's motion to dismiss.  Doc. 23.   In addressing SSA's arguments, Judge Molzen rejected the first two as a basis for dismissal, finding that was not disfavored in this instance because Plaintiffs were facing a "procedural muddle":  If they went forward with the examinations and received unfavorable determinations, it would be too late for them to object to their respective physicians.  Plaintiffs' only recourse would be to go through the entire appeals process, at which point it would be too late for them to raise objections to the examining doctor.  Doc. 23, ¶ 7.  Judge Molzen also found that the agency's duties which are at

2

issue here are nondiscretionary, and agreed with Plaintiffs' reading of the regulation at issue in that a "treating physician must be identified to the applicant."[1]  She noted that Plaintiffs could not very well make reasoned objections to the examining physician "if they don't know who it is."  Doc. 23, ¶ 12.

The Court adopted Judge Molzen's report and recommendation after considering objections to the report filed by SSA, thus allowing the case to go forward.  Doc. 25.  Plaintiffs have filed a Motion for Judgment on the Pleadings in which they seek relief under the Petition as a matter of law.

**Discussion**

Pursuant to 16 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain mandamus relief, a plaintiff must show "'(1) that [he] has a clear right to the relief sought, (2) that the respondent has a plainly defined and peremptory duty to do the  action in question, and (3) that no other adequate remedy is available.'" *Schoenrogge v. Roberts*, 2008 WL 2909638, *1 (10th Cir. 2008) (unpublished decision) (quoting *In re McCarthey*, 368 F.3d 1266, 1268 (10th Cir. 2004)).

Under Fed.R.Civ.P. 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Plaintiffs' motion for judgment on the pleadings raises no new arguments. The essence of Plaintiffs' Petition is that Defendant has the regulatory obligation to make the disclosure of the consulting physician.  Regulatory language indicates that the SSA has the burden of this disclosure:

---

[1]  The Court assumes, as did Defendant in its objections, that the Magistrate Judge meant to state "consultative" physician instead of "treating" physician.

> If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests. We will pay for these examinations. However, we will not pay for any medical examination arranged by you or your representative without our advance approval. If we arrange for the examination or test, we will give you reasonable notice of the date, time, and place the examination or test will be given, **and the name of the person or facility who will do it.** We will also give the examiner any necessary background information about your condition.

20 C.F.R. § 404.1517 (emphasis added).  As Judge Molzen indicated in her Report and

Recommendation, such disclosure is necessary in order a claimant to be able to object to the

designated medical source, noting that a claimant:

> cannot make reasoned objections to the examining physician if they don't know who it is. One or more of these physicians may have given an unfavorable determination in the past. Second, they have a right to find out if the physician in question is in good standing in the community.

Doc. 23, ¶ 12.

In its brief, Defendant argued that mandamus relief was not appropriate because

Plaintiffs have not shown that issuance of the writ is clear and indisputable; in other words, that

it is a nondiscretionary duty.  *See Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir.

1991)(plaintiffs may obtain relief only if action requested is a nondiscretionary, ministerial

duty).   It is true that an agency's decision is entitled to a presumption of regularity.  *See Utah*

*Environmental Congress v. Richmond*, 483 F.3d 1127, 1137 (10th Cir. 2007).  However, no

deference is due when those interpretations are "unreasonable, plainly erroneous, or inconsistent

with the regulation's plain meaning."  *Id.*; *Thomas Jefferson University v. Shalala*, 512 U.S. 504,

512 (1994).  Defendant points to the language in 20 C.F.R. § 1517 which appears to give the

agency a choice of providing either the name of the examining doctor *or* the "facility who will

do it."  The problem with giving deference to SSA's interpretation of § 404.1517 is that the

4

interpretation is directly at odds with plain language in its other regulation, § 404.1519j, which

allows a claimant to object to being examined "by a **medical source**."  "Medical source" is

clearly defined in social security regulations as an individual, not a facility:

> (a) We will purchase a consultative examination only from a qualified medical
> source. **The medical source may be your own physician or psychologist, or
> another source**. If you are a child, the medical source we choose may be a
> pediatrician. For a more complete list of medical sources, see § 404.1513.
> (b) By "qualified," we mean that the **medical source must be currently licensed**
> in the State and have the training and experience to perform the type of
> examination or test we will request; the medical source must not be barred from
> participation in our programs under the provisions of § 404.1503a. The medical
> source must also have the equipment required to provide an adequate assessment
> and record of the existence and level of severity of your alleged impairments. . . .

20 C.F.R. § 404.1519g(a), (b) ("**Who** we will select to perform a consultative examination")

(emphasis added).  Under the plain and express language in § 404.1519j, a claimant is entitled

to object to the **individual** ("medical source" as defined in § 404.1519g(a) & (b)) who will be

performing the examination.  Thus, SSA's duty to disclose under § 404.1517 cannot be satisfied

merely by disclosing the name of a facility.[2]  For these reasons, SSA's interpretation of §

404.1517 is not entitled to deference.  Thus, I find that SSA had a nondiscretionary duty to

Plaintiffs under § 404.1517 to disclose the names of the examining physicians, and by not doing

so, was in violation of its own regulations.

There is no sense to Defendant's argument that Plaintiffs could have objected to the

examinations after the fact, as it negates the purpose behind § 404.1519j which allows a claimant

to object *prior* to an examination.  A claimant who is forced to give up the right to object

afforded by § 404.1519j is relegated to objecting to a report which the Administrative Law Judge

---

[2]  Defendant states that it is "undisputed" that Med-Plus is an example of a "major
medical source that performs Social Security examinations for the DDS. . . ."  Doc. 30 at 9.
However, Defendant offers no support for that presumed "undisputed" fact.

must consider.  *See* 20 CFR § 404.1527 ("In deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive").

There are no material factual disputes raised here which would affect the Court's finding as to whether SSA owes Plaintiff this duty.  However, from the briefs, it was not clear whether Defendant had already satisfied this duty by disclosing the names of the examining physician, although later, rather than sooner.  At the hearing, it became clear that parties were in agreement that SSA was required to disclose the names of examining physicians prior to the examination, and it was also clear that Defendant had done so.  The real issue was whether such disclosure was timely enough for Plaintiffs to be able to object if they desired, within a reasonable amount of time.  Defendant had disclosed the names of examining physicians only three days prior to the appointment, by phone call to Plaintiffs' counsel.  The Court agrees that a reasonable time window is critical in many cases, for example, if a claimant is homeless or is otherwise difficult to locate.

Plaintiffs' counsel represented that SSA would be scheduling other appointments for Plaintiffs in the future, and wanted to assure that disclosure of the names of examining physicians in these cases would be timely.   Defendant was concerned that Plaintiffs were requesting prospective injunctive relief which would affect all notices that DDS sends out to all social security claimants.   The Court agrees with Defendant that Plaintiffs have no standing to seek such relief for other claimants.   Further, it has not been established that DDS generally does not provide the names of examining physicians in a timely manner or that Plaintiffs' counsel will represent the universe of social security claimants in the future.  Plaintiffs' counsel assured the Court at the hearing that Plaintiffs were seeking relief only as to their applications.

6

The parties appeared amenable to drafting an Order which would require the Commissioner to provide reasonable and timely written notice to each Plaintiff prior to the date of any consultative evaluation.  The Court required the parties to submit a mutually-agreed draft Order for the Court's consideration, and the parties have done so.   The Court incorporates this submission in this Order.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings **(Doc. 29)** is hereby GRANTED in that the Commissioner is required to provide thirty (30) days written notice to each Plaintiff in this action prior to the date of any consultative evaluation.  Such notice shall include the name of the evaluating doctor, psychologist, or other source as that term is defined in 20 C.F.R. § 404.1508, which will allow Plaintiffs to exercise their right to object to the doctor pursuant to 20 C.R.R. § 404.1519j, if necessary

_____
UNITED STATES DISTRICT JUDGE