**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EDWARD ALBERS, and
TAMMY NUNLEY,

      Plaintiffs,

      v.                                                                    CIV 11-0092 WJ/KBM

SOCIAL SECURITY ADMINISTRATION,
*Michael J. Astrue, Commissioner of Social*
*Security Administration,*

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEY FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Attorney Fees Pursuant to Equal Access to Justice Act, filed December 15, 2011 **(Doc. 43)**. Having considered the parties' briefs and the applicable law, I find that Plaintiffs' motion is not well-taken and, therefore, is denied.

**Background**

In the underlying case, Mr. Albers and Ms. Nunley applied for social security benefits, and filed a Petition for Writ of Mandamus to compel the Commissioner of Social Security ("Commissioner") to disclose the names of the examining physicians for their consultative examinations set up by Social Security Administration ("SSA"). Plaintiffs were sent notices of these examinations by the New Mexico Disability Determination Services ("DDS"), which contained the addresses of the Med-Plus clinics and the appointment time, but did not include the name of the examining physicians.

SSA filed a Motion to Dismiss, arguing that (1) mandamus relief was inappropriate; (2) that Plaintiffs did not exhaust their administrative remedies; and (3) that SSA does not owe Plaintiffs a clear, nondiscretionary duty to Plaintiffs.  The Court adopted United States Chief Magistrate Judge Karen B. Molzen's Report and Recommendation denying Defendant's motion to dismiss after considering SSA's filed objections to the Report, thus allowing the case to go forward.  Docs. 23 and 25.  Plaintiffs then filed a Motion for Judgment on the Pleadings in which they sought relief under the Petition as a matter of law, which the Court granted (Doc. 42).  The Court held that SSA had a nondiscretionary duty to Plaintiffs under 20 C.F.R. § 404.1517 to disclose the names of the examining physicians, and by not doing so, was in violation of its own regulations.

## Discussion

Plaintiffs now move for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Plaintiffs contend that an award of fees under EAJA is required because Mr. Albers and Ms. Nunley are the prevailing parties, pursuant to this Court's Memorandum Opinion and Order granting Plaintiffs Motion for Judgment on the Pleadings.  The EAJA provides, in pertinent part, that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986).  Plaintiffs are not entitled to EAJA fees simply because the Court found in their favor.  Rather, the main issue is whether SSA's position was substantially justified, or if there are circumstances which make such an award is unjust.  Even if SSA's position was not correct, it could still be "substantially

justified," if it had a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Defendant points out that there was no clear precedent on whether SSA had a nondiscretionary duty to provide Plaintiffs with written and timely notice of the names of the examining physicians for their consultative examinations. SSA further contends that a reasonable person could interpret this regulation as the DDS did, and it was only when the Court combined several regulations that it felt a different interpretation was necessary. The Court finds that this argument has merit. Plaintiffs relied on one regulation, 20 C.F.R. § 404.1519j, which states only that a claimant can object to a consultative examination. There was no precedent for the Court to follow, and the fact that the Court was required to conduct an analysis of several relevant SSA regulations in order to make a determination on the issue, demonstrates that the question being addressed was not patently obvious. To be sure, SSA's position was not correct, but I do not find its position to be unreasonable.

Defendant offers several reasons why an EAJA award would be unjust. It contends that an EAJA award is inappropriate because mandamus was not necessary, since Plaintiffs could have obtained relief in other ways, such as objection to the examinations after the fact. However, this does not square with the SSA regulation which allows a claimant to object *prior* to an examination. *See* 20 C.F.R § 404-1519j. The Court also rejects the argument that an EAJA award is precluded because there are no contracts supporting such an award between Plaintiffs and Mr. Michael Armstrong, who represented Plaintiffs in the social security applications process; or because Mr. Armstrong associated with another attorney from another law firm for the briefing portions of the mandamus action. I fail to see the significance of who wrote the instant briefs for Plaintiffs, and why this in itself would make an EAJA award unjust.

Thus, the basis for the Court's ruling is predicated on the prong in the EAJA statute which states that a court shall award fees to a prevailing party "unless the. . . position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). In order to find that Defendant's position was substantially justified, the Court must find that there was "a 'genuine dispute'. . . or that 'reasonable people could differ as to [the appropriateness of the contested action].'" *Pierce v. Underwood*, 487 U.S. at 565; *see Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987) (When an area of law is "unclear or in flux," the Court must hold that the Commissioner was substantially justified in defending the SSA's action. *Washington v. Heckler*, 756 F.2d 959, 961-62 (3rd Cir. 1985). Because no court in this Circuit has previously considered and resolved the issue Plaintiffs raised in their Mandamus Petition, I find that the parties reasonably entered into a genuine dispute to have the court clarify this area of law for the first time. Plaintiffs' request for an EAJA award is thus foreclosed.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Attorney Fees Pursuant to Equal Access to Justice Act **(Doc. 43)** is hereby DENIED for reasons described above.

_____
UNITED STATES DISTRICT JUDGE